**Bruce G. BARBER, District Director, San Francisco District, Immigration and Naturalization Service, Appellant,**

v.

**Lee HONG, Appellee.**

**No. 15435.**

United States Court of Appeals
Ninth Circuit.

April 14, 1958.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Joseph S. Hertogs, San Francisco, Cal., for appellee.

Before MATHEWS, POPE and LEMMON, Circuit Judges.

MATHEWS, Circuit Judge.

On or about January 27, 1954, at San Francisco, California, John G. Clemson, an officer of the Immigration and Naturalization Service, issued a warrant[1] for the arrest of appellee, Lee Hong, an alien. The warrant was, in part, as follows:

"To Immigration Officer Roy R. Anderson or to any officer in the service of the United States Immigration and Naturalization Service.

"Whereas, from evidence submitted to me, it appears that the alien Lee Hong [appellee] * * * has been found in the United States in violation of the immigration laws thereof, and is subject to be taken into custody and deported pursuant

3 Hackworth, Digest of International Law, 1942, 219–220.

1. The warrant was dated January 12, 1954. However, the District Court found that it was issued on or about January 27, 1954, and this finding is not challenged.

to the following provisions of law, and for the following reason, towit:

"Section 241(a) (2) of the Immigration and Nationality Act,[2] in that he entered the United States without inspection.

"I, by virtue of the power and authority vested in me by the laws of the United States, hereby command you to take into custody the said alien and grant him a hearing to enable him to show cause why he should not be deported in conformity with law. * * *"

On April 14, 1954, in the United States District Court for the Northern District of California, Southern Division, appellee brought a civil action against appellant, Bruce G. Barber, District Director of the Immigration and Naturalization Service at San Francisco. Alleging that the warrant was illegal and void, the complaint[3] prayed that appellant, his servants, employees and agents and all other persons acting under appellant's order, authority or direction be enjoined from proceeding against appellee under authority of the warrant. Appellant answered, a trial was had, evidence was heard,[4] findings of fact and conclusions of law were stated, and a judgment[5] was entered permanently enjoining appellant, his agents, servants and subordinates from proceeding with the deportation of appellee on the charge that he entered the United States without inspection. This appeal is from the judgment.

As indicated above, the warrant was issued and sought to have appellee deported under the Immigration and Nationality Act,[6] all pertinent parts of which became effective on December 24, 1952—the 180th day immediately following the date of its enactment.[7] Subsection (a) of § 241 of the Act[8] provides:

"Sec. 241. (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who— * * *

"(2) entered the United States without inspection * * *."

The question here presented is whether subsection (a) of § 241 was applicable to appellee.

The District Court made findings to the effect that appellee entered the United States prior to July 1, 1924,[9] and was in the United States at all times thereafter. These findings are not challenged. We therefore accept them as correct. If they are correct, appellee's entry without inspection, if it occurred at all, occurred prior to July 1, 1924, and prior to the date of enactment[10] of the Act. However, subsection (d) of § 241[11] provides:

"(d) Except as otherwise specifically provided in this section [§ 241],[12] the provisions of this section shall be applicable to all aliens belonging to any of the classes enumerated in subsection (a), notwithstanding (1) that any such alien entered the United States prior to the date of enactment of this Act, or (2) that the facts, by reason of which any such alien belongs to any of the classes enumerated in subsection (a), occurred prior to the date of enactment of this Act."

Despite the provisions of subsection (d) of § 241, the District Court, in ef-

2.  66 Stat. 204, 8 U.S.C.A. § 1251(a) (2).

3.  The complaint was called a petition.

4.  The evidence was not designated for inclusion, and was not included, in the record on appeal.

5.  The judgment was called an order.

6.  66 Stat. 163-281, 8 U.S.C.A. § 1101 et seq.

7.  See § 407 of the Act, 66 Stat. 281, 8 U.S.C.A. § 1101 note.

8.  66 Stat. 204, 8 U.S.C.A. § 1251(a).

9.  As to whether appellee entered without inspection, no finding was made.

10.  June 27, 1952.

11.  66 Stat. 208, 8 U.S.C.A. § 1251(d).

12.  No applicable exception was provided in § 241.

fect, held that subsection (a) of § 241 was not applicable to appellee, appellee's entry without inspection having occurred, if at all, prior to July 1, 1924. This holding was based on the saving clause in subsection (a) of § 405 of the Act,[13] reading as follows:

"Sec. 405. (a) Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any * * * status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such * * * statutes,[14] conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act [15] are, unless otherwise specifically provided therein, hereby continued in force and effect. * * *"

In holding, as it did, that subsection (2) of § 241 was not applicable to appellee, the District Court impliedly, if not expressly, held that the saving clause was applicable to him.[16] In so holding, the District Court followed United States ex rel. Carson v. Kershner, 6 Cir., 228 F.2d 142. However, on June 3, 1957—after the judgment here appealed from was entered—United States, ex rel. Carson v. Kershner, supra, was reversed in Lehmann v. United States ex rel. Carson, 353 U.S. 685, 77 S.Ct. 1022, 1 L.Ed. 1122. Upon the authority of Lehmann v. United States ex rel. Carson, supra, we hold that the saving clause was not applicable to appellee and that subsection (a) of § 241 was applicable to him.

It is true that, in the Carson case, paragraphs (1) and (4) of subsection (a) of § 241 were involved, whereas, in this case, paragraph (2) of subsection (a) of § 241 was involved. In principle, however, the Carson case and this case are indistinguishable.

Judgment reversed.

---

13. 66 Stat. 280, 8 U.S.C.A. § 1101 note.

14. So in the original, but probably should read "statuses." See 8 U.S.C.A. § 1101 note.

15. This Act repealed, inter alia, the Immigration Act of 1917, 39 Stat. 874–898, and all amendments thereto. See 66 Stat. 279.

16. The District Court expressly held that appellee was not subject to deportation prior to December 24, 1952, and that his "nondeportability status" was protected by the saving clause. As to whether appellee had any such "status" prior to December 24, 1952, we express no opinion. See, however, § 19 of the Immigration Act of 1917, 39 Stat. 889, 54 Stat. 671.