## MATTER OF DUCRET

### In Deportation Proceedings

### A-19673798

### *Decided by Board March 5, 1976*

(1) An immigration judge has the power in deportation proceedings to grant *nunc pro tunc* permission to reapply for admission following deportation if it would conclude the proceedings before him (*Matter of Vrettakos*, 14 I. & N. Dec. 593).

(2) An order terminating deportation proceedings is a conclusion of the proceedings within the contemplation of *Matter of Vrettakos, supra.*

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry— section 212(a)(17) [8 U.S.C. 1182(a)(17)]—arrested and de- ported, no permission to reapply.

ON BEHALF OF RESPONDENT:
James J. Orlow, Esquire
636 Public Ledger Bldg.
Philadelphia, Pa. 19106

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

In a decision dated May 27, 1975, the immigration judge found the respondent deportable, denied the respondent's application for a retroactive, or *nunc pro tunc*, grant of permission to reapply for admission to the United States following deportation, but granted the respondent the privilege of voluntary departure. The respondent has appealed only from the denial of his application for retroactive permission to reapply for admission to the United States. The record will be remanded to the immigration judge.

The respondent is a native and citizen of Venezuela who last entered the United States in June of 1974, evidently as a nonimmigrant visitor. Prior to that entry, however, the respondent had been ordered de- ported from the United States after a hearing held on November 19, 1971. After that earlier order of deportation, the respondent departed the United States of his own accord. He nevertheless is considered to have been deported. Section 101(g), Immigration and Nationality Act; 8 CFR 243.5. The respondent therefore required permission to reapply for admission to the United States in order lawfully to be admitted in any status.

The respondent did not obtain such permission prior to his last entry,

and he obtained his nonimmigrant visa without informing the consular official of his prior deportation. The respondent, however, maintains that he did not realize that he had in law been deported, believing instead that his self-financed departure was in no way a deportation.

The Service has charged the respondent with deportability under section 241(a)(1) as an alien who was excludable at entry under section 212(a)(17). Section 212(a)(17) provides in part for the exclusion of

[a]liens who have been arrested and deported, . . . unless prior to their embarkation or reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory the Attorney General has consented to their applying or reapplying for admission[.]

This is the only charge which the Service has brought against the respondent during the course of the present deportation proceeding.

The respondent sought a retroactive grant of permission to reapply in order to eliminate as a ground of deportability the charge brought by the Service. The immigration judge, relying on our decision in *Matter of Vrettakos*, 14 I. & N. Dec. 593 (BIA 1973 & 1974), held that he was without jurisdiction to grant the respondent's application. The immigration judge apparently reached this conclusion because the respondent, a native of the Western Hemisphere, is ineligible for adjustment of status, and because the alien crewman in *Vrettakos* was similarly ineligible for section 245 relief. The immigration judge, however, has misinterpreted *Matter of Vrettakos*, supra.

The Board and immigration judges have the power to grant permission to reapply for admission retroactively when appropriate and necessary for the disposition of the case. See 8 CFR 3.1(d); 8 CFR 242.8(a). See generally *Matter of S–N–*, 6 I. & N. Dec. 73 (BIA 1954; A.G. 1954). In *Vrettakos* we indicated that a retroactive, or *nunc pro tunc*, grant of permission to reapply for admission to the United States "would be within the scope of an immigration judge's authority if it would conclude the proceedings before him." We then noted that:

This might be true in the case of an alien in deportation proceedings (1) whose sole ground of deportability is under section 241 (a)(1) of the Act, as an alien excludable at entry under section 212(a)(17) for reentering the United States after deportation without first securing the permission of the Attorney General; or (2) who seemingly qualified for adjustment of status under section 245 of the Act, except for his inadmissibility as an alien who was deported.

We thus set forth two situations in which an immigration judge has the power in deportation proceedings to grant an alien's application for permission to reapply for admission: (1) where the only ground of deportability would be eliminated; and (2) where the alien would receive a grant of adjustment of status in conjunction with the grant of any appropriate waivers of inadmissibility. See 8 CFR 245.1(f); 8 CFR 242.17(a).

In *Vrettakos,* the alien was *not* charged under section 241(a)(1) as that section relates to section 212(a)(17). He was charged with deportability under section 241(a)(2), on the ground that he was a crewman who had entered the United States after being refused permission to land temporarily. A *nunc pro tunc* grant of permission to reapply could not have cured that ground of deportability. As a crewman, he was also ineligible for adjustment of status and hence could not avail himself of that relief. A grant of permission to reapply for admission could not help in any way to conclude the proceedings against him.

However, in this case we have a deportation proceeding in which the sole ground of deportability is based on section 241(a)(1) as that section relates to section 212(a)(17). A grant of permission to reapply for admission, retroactive to before the respondent's last entry, would eliminate the section 212(a)(17) ground of inadmissibility, and would render the respondent not deportable on the only charge now pending against him. On the present state of the record, the proceedings would then be terminated in favor of the respondent.

The Service, however, argues that this would not "conclude the proceedings" within the contemplation of *Vrettakos* because the respondent would remain deportable on several other charges. The short answer to this contention is that no other charges of deportability have been made against the respondent nor are they clearly established by the present record. Neither the Board nor an immigration judge may make a specific finding of deportability against an alien in the absence of an appropriate charge and proof. In general, we should not be required to speculate as to other possible grounds of deportability, even though such grounds are likely to exist in *this* case.

We hold that an order terminating proceedings is a conclusion of the proceedings within the contemplation of *Vrettakos.* Such a disposition of the case is sufficiently final to invoke our authority and the authority of an immigration judge to make a retroactive grant of permission to reapply for admission to the United States. The immigration judge therefore erred in concluding that he had no jurisdiction to grant the relief requested by the respondent.

We have determined that jurisdiction presently exists to entertain the respondent's application for retroactive permission to reapply for admission. This does not end the inquiry, however, because a question as to the exercise of discretion remains. As with other forms of discretionary relief, an alien respondent bears the burden of showing that he merits a favorable exercise of discretion on an application for permission to reapply for admission. Evidence indicating that a respondent would be otherwise deportable or inadmissible can be considered by the immigration judge on the question of discretion, even if the Service specifically declines to charge the respondent in this regard.

We shall remand the record to the immigration judge for further proceedings. On remand, the Service will have the opportunity to lodge additional charges against the respondent. In the event that an additional charge is both lodged and established, the immigration judge will no longer have jurisdiction to grant the respondent's application.

Counsel evidently seeks to avoid this possibility by having us determine the issue of discretion. The record, however, is incomplete as it relates to the favorable or unfavorable factors which would affect our exercise of discretion. Little evidence in this connection was introduced below because of the immigration judge's jurisdictional resolution of the respondent's application. For example, a strong inference can be drawn from certain facts in the record that the respondent is presently an "overstayed visitor," and deportable on that ground. However, this point was not developed below.

The record does not now contain sufficient information on which we could base an exercise of discretion.

ORDER: The record is remanded to the immigration judge for further proceedings.