## MATTER OF RUIS

### In Deportation Proceedings

### A-31199203

#### Decided by Board September 30, 1982

(1) Section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), relates to any entry made by an alien who fails to submit to inspection.

(2) A lawful permanent resident's deportability for entering without inspection may not be prevented by his subsequent departure and readmission to the United States upon presention of an Alien Registration Receipt Card.

(3) The immigration judge improperly terminated deportation proceedings against a lawful permanent resident who entered the United States without inspection and subsequently departed and returned with his Alien Registration Receipt Card.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)[8 U.S.C. 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:  
Vincent Agresti, Esquire  
56-58 Ferry Street  
Newark, New Jersey 07105

ON BEHALF F SERVICE:  
Joanna London  
Acting Appellate ·  
Trial Attorney

BY: Milhollan, Chairman, Maniatis, Dunne, Morris, and Vacca, Board Members

The Immigration and Naturalization Service has appealed from a decision of the immigration judge dated May 28, 1981, terminating the proceedings against the respondent. The appeal will be sustained and the record will be remanded to the immigration judge.

The respondent is a 41-year-old native and citizen of Colombia who was admitted to the United States as a lawful permanent resident on May 24, 1970. The record reflects that he left this country in order to return to Colombia and reentered surreptitiously from Mexico on January 4, 1978, in order to accompany his fiancee who was without proper documentation. The respondent was apprehended and on January 9, 1978, was convicted on a plea of guilty for aiding and abetting his fiancee to make an illegal entry in violation of 18 U.S.C. 2 and 8 U.S.C. 1325.

On September 5, 1978, the Service issued an Order to Show Cause charging the respondent with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), for entering the United States without inspection. The record reflects that the respon-

dent departed from the United States on March 24, 1979, and returned the next day, obtaining admission as a returning resident on the basis of his Alien Registration Receipt Card (Form I-151). The respondent claims that he also went to Colombia on June 10, 1979, and was readmitted on September 7, 1979.

On March 27, 1979, the respondent appeared for his deportation hearing and denied deportability. During the proceedings, he contended that he was no longer subject to deportation on the basis of his entry without inspection because he had subsequently made an entry as a lawful permanent resident.

The immigration judge terminated the proceedings, concluding that section 241(a)(2) only applied to the last entry made by an alien and that the respondent's entries in March and September of 1979 with his Form I-151 eliminated entry without inspection as a ground of deportability. In reaching this decision, the immigration judge relied on two 1965 cases issued by the Board which were not precedent decisions. *Matter of Romero*, A10 553 849 (BIA June 8, 1965); *Matter of Gutierrez*, A8 405 405 (BIA June 11, 1965). From these unpublished cases the immigration judge reasoned that a lawful permanent resident alien who had entered without inspection could avoid deportability by making a subsequent entry with his Form I-151. He further dismissed the Service's contention that only a new visa application made with full disclosure of the respondent's entry without inspection would eliminate his deportability.

On appeal, the Service argues that the immigration judge improperly terminated proceedings because the respondent should not be permitted to thwart the immigration laws by making an entry with his Form I-151 solely to prevent deportation on the entry without inspection charge. It is further contended that the immigration judge's reliance on the unpublished Board cases is misplaced.

The issue before us, whether a deportation charge of entry without inspection relates only to the alien's last entry, appears to be one of first impression. The two unpublished Board decisions cited by the immigration judge do not mandate the result sought by the respondent.[1] First, in *Matter of Rina*, A13 197 621 (BIA April 25, 1978), the Board withdrew from the relevant language in the two cases, finding it to have been improvident. Furthermore, the cases did not stand for the proposition that only an alien's most recent entry can be the basis for an entry without inspection charge. Accordingly, the unpublished decisions cited by the immigration judge are not controlling on the question before us.

Section 241(a)(2) of the Act provides for the deportation of any alien in the United States who:

---

[1] We note that only decisions designated for publication by the Board serve as precedents in other proceedings involving the same issue or issues. *See* 8 C.F.R. 3.1(g).

entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this Act or in violation of any other law of the United States.

The clear objective of this section is to protect the integrity of the boundaries of the United States by requiring every alien to submit to inspection by immigration officials each time he enters this country. *See Ex parte Callow*, 240 F. 212 (D. Colo. 1916); 1A C. Gordon and H. Rosenfield, *Immigration Law and Procedure* section 4.8b (1982); *see also*, H.R. Rep. No. 1377, 82nd Cong., 2d Sess., *reprinted in*, [1952] U.S. Code Cong. & Ad. News 1358, 1360. The law requires not only that aliens be admissible to the United States, but that all entries be made pursuant to an inspection at an appropriately designated time and place. This statutory mandate is not satisfied by the fact that an alien may have been admissible had he properly presented himself for inspection or that he was subsequently inspected and permitted to enter.

Nothing in the language of section 241(a)(2) indicates that Congress intended to limit its applicability to the most recent entry made by an alien. In this regard, we think it significant that, with respect to other sections of the statute, any entry may provide the basis for deportation. *See Belfrage v. Kenton*, 224 F.2d 803 (2 Cir. 1955); *Matter of C-*, 4 I&N Dec. 596 (C.O. 1952, BIA 1953); *but see Bonetti v. Rogers*, 356 U.S. 691 (1958) (membership in Communist party); *Matter of Medina*, 15 I&N Dec. 611 (BIA 1976), *aff'd Medina-Luna v. INS*, 547 F.2d 1171 (7 Cir. 1977); *Matter of C-*, 5 I&N Dec. 370 (BIA 1953) (two crimes involving moral turpitude); *Matter of S-*, 7 I&N Dec. 536 (BIA 1957) (failure to notify Attorney General of address); *Matter of P-*, 5 I&N Dec. 651 (BIA 1954) (narcotics conviction); *see also* section 101(a)(13) of the Act, 8 U.S.C. 1101(a)(13). The disposition of Congress to extend, rather than limit, the applicability of this section is also reflected by the elimination in the 1952 Act of previous statutory time limitations on deportation after an entry without inspection. *See* sections 241(a)(2) and (d) of the Act; *cf.* Act of Feb. 5, 1917, sec. 19(a), 39 Stat. 874; *see also Barber v. Hong*, 254 F.2d 382 (9 Cir. 1958); *Matter of A-*, 6 I&N Dec. 540 (BIA 1955). Furthermore, the seriousness with which Congress regarded the act of entering the United States without inspection is evidenced by the fact that criminal penalties have also been provided for the violation of that offense. *See* section 275 of the Act, 8 U.S.C. 1325; *see also* H.R. Rep. No. 1365, 82nd Cong., 2d Sess. 60, *reprinted in*, [1952] U.S. Code Cong. & Ad. News 1653, 1715.

With these considerations in mind, we conclude that section 241(a)(2) of the Act relates to any entry made by an alien who fails to submit to inspection. Consequently, we find that the respondent's deportability for entering without inspection is not prevented by the mere fact that he departed and returned with his Form I-151. To hold otherwise would be

to thwart the policies underlying the Act and to provide an opportunity for aliens to violate our immigration laws with impunity.

We need not decide at this time whether an alien who has entered the United States without inspection will be forever subject to deportation in all circumstances.[2] *See generally Matter of Rafipour*, 16 I&N Dec. 470 (BIA 1978); *Matter of Sanchez*, 16 I&N Dec. 363 (BIA 1977); *Matter of R-G-*, 8 I&N Dec. 128 (BIA 1958); *Matter of S-, supra.* Under the facts presented in this case, however, we conclude that the immigration judge improperly terminated the proceedings. The respondent remains deportable for entering without inspection because his subsequent departure and return with a Form I-151 does not eliminate the grounds of deportability.

Accordingly, the decision of the immigration judge will be reversed and the record will be remanded to the immigration judge for further proceedings.

**ORDER:** The appeal is sustained. The decision of the immigration judge is reversed and the record is remanded for further proceedings consistent with the foregoing opinion and the entry of a new decision.

---

[2] We would note in this regard that the Service has prosecutorial discretion to decline to pursue the deportation of an alien who has entered the United States without inspection despite his possession of documents. *See* Operations Instructions 235.9; *see also* section 101(a)(13) of the Act.