MATTER OF *GUNAYDIN* and KIRCALI

In Deportation Proceedings

A-23055205
A-23431315

*Decided by Board October 27, 1982*

(1) The status of a lawful permanent resident who has entered the United States without inspection terminates only when the adjudication of his deportability becomes final in administrative proceedings. *Matter of M-*, 5 I&N Dec. 642 (BIA 1954), modified.

(2) A conviction for a deportable offense does not terminate the status of a lawful permanent resident.

(3) A lawful permanent resident alien who entered the United States without inspection is not deportable upon subsequent reentry with a Form I-151 under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1), as being excludable under section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20), for lack of a valid visa.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under sec. 212(a)(20), I&N Act (8 U.S.C. 1182(a)(20))—No valid visa (Both respondents)

ON BEHALF OF RESPONDENTS:
Brian S. Lafferty, Esquire
56-58 Ferry Street
Newark, New Jersey 07105

ON BEHALF OF SERVICE:
Joanna London
Acting Appellate
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated January 27, 1982, the immigration judge found the respondents deportable under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1), as aliens who were excludable at entry under section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20), for lack of a valid immigrant visa. The respondents have appealed from that decision. The record will be remanded to the immigration judge.

The respondents are both natives and citizens of Turkey who have been accorded status as lawful permanent residents of the United States. The record reflects that they left the United States to go to Canada on September 5, 1981, and, according to their own admissions, they reentered this country on September 7, 1981, without submitting to inspec-

tion. On September 8, 1981, both respondents were convicted of entering the United States without inspection in violation of 8 U.S.C. 1325.

Orders to Show Cause were issued against the respondents on September 7, 1981, charging them with deportability under section 241(a)(2) of the Act, 8 U.S.C. 1251(a)(2), for entering without inspection. On October 29, 1981, the respondents departed from the United States on the advice of counsel for the admitted purpose of seeking readmission as lawful permanent residents. The respondents returned to the United States on October 30, 1981, and reentered the country upon presentation of their Alien Registration Receipt Cards (Form I-151). The Service issued new Orders to Show Cause on November 4, 1981, charging the respondents with deportability under section 241(a)(1) of the Act for excludability at entry under section 212(a)(20).

At deportation proceedings, the respondents admitted each of the allegations of the Orders to Show Cause but denied deportability. They contended that as a matter of law they were not deportable for entering without a valid immigrant visa because they were properly admitted as lawful permanent residents at the time of their October 30, 1981, entry which, they further asserted, terminated their deportability for entry without inspection. The Service relied on *Matter of M-*, 5 I&N Dec. 642 (BIA 1954), to support its position that by making an entry without inspection the respondents automatically terminated their lawful permanent resident status so as to render their visas invalid.

In concluding that the respondents were not in possession of valid immigrant visas when they made their second entry the immigration judge declined to rely on *Matter of M-* alone, but determined that the respondents' convictions constituted a sufficient adjudication of their status to terminate their permanent residence.

In *Matter of M-*, supra, the Board stated in dicta that, in view of the alien's entry without inspection, "it can no longer be said that his [lawful permanent resident] status has not changed. . . ." Subsequent to that decision, we determined that an act which provides the basis for a lawful permanent resident alien's deportability does not itself terminate his status. *See Matter of Salmon*, 16 I&N Dec. 734 (BIA 1978); *Matter of M-P-*, 9 I&N Dec. 747 (BIA 1962); *Matter of S-*, 6 I&N Dec. 392 (BIA 1954, A.G. 1955); *see also Matter of Mosqueda*, 14 I&N Dec. 55 (R.C. 1972). Furthermore, in *Matter of Lok*, 18 I&N Dec. 101 (BIA 1981), we held that an alien's lawful permanent resident status ends as a result of his commission of a deportable offense only upon the entry of a final order of deportation.[1] In light of these decisions, we believe that the

---

[1] We noted in our decision that lawful permanent resident status may also change as a result of rescission, relinquishment, departure under an order of exclusion or deportation, and adjustment to nonimmigrant status. *See Matter of Lok*, supra, at n. 8.

language of *Matter of M-, supra,* relating to a change of lawful permanent resident status was improvident. Therefore, we shall withdraw from the dicta in that case to the extent that it indicates that an entry without inspection automatically results in the termination of lawful permanent resident status. We now hold that the status of a lawful permanent resident who has entered the United States without inspection terminates only when the adjudication of his deportability becomes final in administrative proceedings. We find no reason to reach a contrary conclusion where a conviction for a deportable offense has occurred.

We conclude that the respondents were not deportable under section 241(a)(1) as aliens excludable under section 212(a)(20) at the time of their entry. Therefore, the charge upon which the immigration judge found the respondents deportable has not been sustained. However, the respondents were also charged with deportability for their entry without inspection in the Orders to Show Cause of September 7, 1981, which remain in effect. *See Matter of Brown,* 18 I&N Dec. 324 (BIA 1982). We shall accordingly remand the record to the immigration judge for further proceedings to determine the respondents' deportability under section 241(a)(2) of the Act. *See Matter of Ruis,* 18 I&N Dec. 320 (BIA 1982).

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.