## MATTER OF ROMAN

### In Deportation Proceedings

### A-37431891

### Decided by Board December 16, 1988

A respondent in deportation proceedings who was excludable under both sections 212(a)(17) and (20) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(17) and (20) (1982), cannot establish combined eligibility for nunc pro tunc permission to reapply for admission and a waiver of inadmissibility pursuant to section 241(f) of the Act, 8 U.S.C. § 1251(f) (1982), where she is not separately eligible for either form of relief.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. § 1251(a)(1)]—Excludable at entry under section 212(a)(17) [8 U.S.C. § 1182(a)(17)]—No permission to reapply after deportation

Sec. 241(a)(1) [8 U.S.C. § 1251(a)(1)]—Excludable at entry under section 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF RESPONDENT:
Howard Dawson, Esquire
3142 Wilshire Boulevard
Suite 7
Los Angeles, California 90010

ON BEHALF OF SERVICE:
Margaret Jambor
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated August 21, 1985, an immigration judge found the respondent deportable under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1) (1982), for having been excludable at the time of entry under section 212(a)(17) of the Act, 8 U.S.C. § 1182(a)(17) (1982), as an alien who had no permission to reapply for admission after deportation, and for having been excludable at the time of entry under section 212(a)(20) of the Act as an alien with no valid immigrant visa. The immigration judge also denied the respondent's applications for a waiver of deportability under section 241(f) of the Act, for retroactive permission to reapply for admission after deportation, and for voluntary departure

under section 244(e) of the Act, 8 U.S.C. § 1254(e) (1982). The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a 36-year-old native and citizen of Mexico, who had entered and had been admitted to the United States as a lawful permanent resident on April 24, 1981. The record reflects that on June 14, 1982, she was deported from the United States under an assumed name, pursuant to section 241(a)(2) of the Act as an alien who had entered the United States without inspection on May 25, 1982. She subsequently reentered the United States on June 18, 1982, presenting at the border an Alien Registration Receipt Card (Form I-551) in her name. At the time of entry, she had not applied for permission to reapply for admission after deportation.

At the deportation proceedings, the respondent admitted the factual allegations contained in the Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) and conceded her deportability as charged under section 241(a)(1) of the Act on the basis of being excludable at entry under section 212(a)(17) for not having permission to reapply for admission after deportation, and excludable under section 212(a)(20) for not having a valid immigrant visa. On appeal, the respondent, through counsel who also represented the respondent in the deportation proceedings, contends that she was not deportable as charged. She asserts that she was a lawful permanent resident when deported on June 14, 1982, and that her deportation was thus invalid and could not sustain a charge of deportability under section 241(a)(1) due to excludability under section 212(a)(17) in the current deportation proceedings. She argues that she should not have been deported in 1982 without a hearing and an order rescinding her lawful permanent resident status. The respondent also contends that as her status had not been rescinded, her Alien Registration Receipt Card was valid at the time of her last entry on June 18, 1982, and that therefore she is not now deportable for not having a valid immigrant visa at the time of her last entry.

The Board first points out that the respondent admitted the factual allegations in the Order to Show Cause and conceded her deportability at the deportation hearing. She therefore cannot contest her deportability on appeal. Under 8 C.F.R. § 3.1(d)(1-a)(ii) (1988), the Board may summarily dismiss any appeal in which the only specified reason for the appeal is a finding of fact or conclusion of law conceded at the deportation hearing.

Moreover, an alien may collaterally attack a final order of exclusion or deportation in a subsequent deportation proceeding only if

she can show that the prior order resulted in a gross miscarriage of justice. *Ramirez-Juarez* v. *INS*, 633 F.2d 174 (9th Cir. 1980); *Hernandez-Almanza* v. *United States Dept. of Justice, INS*, 547 F.2d 100 (9th Cir. 1976); *see also Matter of Farinas*, 12 I&N Dec. 467 (BIA 1967). In the case at hand, the immigration judge properly found the respondent deportable as charged. At the time of her deportation in 1982, an order specifically rescinding her lawful permanent resident status was not necessary. The respondent automatically lost her lawful permanent resident status when the final order of deportation was entered. *Matter of Duarte*, 18 I&N Dec. 329 (BIA 1982); *see also Wall* v. *INS*, 722 F.2d 1442 (9th Cir. 1984); *Lok* v. *INS*, 681 F.2d 107 (2d Cir. 1982), *aff'g Matter of Lok*, 18 I&N Dec. 101 (BIA 1981). The status of a lawful permanent resident who has entered without inspection terminates when the adjudication of her deportability becomes final. *Matter of Gunaydin*, 18 I&N Dec. 326 (BIA 1982), *aff'd, Gunaydin* v. *United States INS*, 742 F.2d 776 (3d Cir. 1984). Thus, the respondent was excludable at entry in 1982 for not having a valid immigrant visa and for failing to have permission to reapply for admission after deportation. The Board concludes that the respondent's deportability has been established by clear, unequivocal, and convincing evidence, as required by *Woodby* v. *INS*, 385 U.S. 276 (1966), and 8 C.F.R. § 242.14(a) (1988).

On appeal, the respondent has not challenged the immigration judge's denial of her application for voluntary departure. The only issues properly before us concern whether the immigration judge properly denied the respondent's application for a waiver of deportability under section 241(f) of the Act, and her application for retroactive permission to reapply for admission after deportation.

A record of conviction included in the record states that the respondent was convicted on November 15, 1982, in the United States District Court for the Southern District of California of conspiracy to transport and harbor illegal aliens in violation of 18 U.S.C. § 371 (1982) and 8 U.S.C. § 1324 (1982). She was sentenced to imprisonment for a period of 1 year and 1 day. The record also reflects that she has two United States citizen children living in the United States, aged 15 and 11. School records submitted as evidence show that the younger child entered an elementary school in July 1984, and that the older child entered an intermediate school that same month. A March 29, 1985, letter from the respondent's employer relates that she had been employed there as a sewing machine operator since January 16, 1984, and that her job was considered to be of a permanent nature. At her deportation hearing, the respondent testified that she served 8 months of the sentence for her criminal conviction before being released.

The immigration judge denied her applications for a waiver of deportability under section 241(f) of the Act and for retroactive permission to reapply for admission after deportation. He concluded that she was ineligible for relief under section 241(f) because she did not have an immigrant visa at the time of entry, as required by that section, and additionally was not otherwise admissible if such relief was granted due to her excludability under section 212(a)(17). He also concluded that she was not eligible for retroactive permission to reapply for admission after deportation, as she was not an applicant for adjustment of status and the grant of permission would not eliminate the sole ground of deportability.

On appeal, the respondent contends that she is eligible for relief under section 241(f), as she was in possession of a valid Alien Registration Receipt Card at the time of her entry in 1982, after having been improperly deported, and because she presented herself as a lawful permanent resident in good standing, with this act constituting an entry by fraud or misrepresentation within the meaning of section 241(f). She also asserts that the judge erred in determining that she was not otherwise admissible due to her excludability under section 212(a)(17), since this ground of excludability should have been waived by granting her retroactive permission to reapply for admission after deportation. Contending that the grant of this latter relief would have removed the only remaining ground of inadmissibility, and thus deportability, due to her other ground of inadmissibility under section 212(a)(20) being waived under section 241(f), she asserts that both forms of relief were warranted as a matter of discretion.

The pertinent part of section 241(f) states as follows:

(1)(A) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure or have procured visas or other documentation, or entry into the United States, by fraud or misrepresentation, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in subsection (a)(19)) who—

(i) is the spouse, parent, or child of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and

(ii) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such entry except for those grounds of inadmissibility specified under paragraphs (14), (20), and (21) of section 212(a) which were a direct result of that fraud or misrepresentation.

(B) A waiver of deportation for fraud or misrepresentation granted under subparagraph (A) shall also operate to waive deportation based on the grounds of inadmissibility at entry described under subparagraph (A)(ii) directly resulting from such fraud or misrepresentation.

Section 212(a)(17) of the Act states that an alien who has been previously arrested and deported is excludable at the time of a subsequent entry if admission is sought within 5 years of deportation, unless the Attorney General has consented to her applying or reapplying for admission. We have held that the Board or an immigration judge may grant such permission retroactively when appropriate and necessary to the disposition of the case. *Matter of Ng,* 17 I&N Dec. 63 (BIA 1979); *Matter of Ducret,* 15 I&N Dec. 620 (BIA 1976). Two situations have been identified in which that power may be exercised: (1) where the only ground of deportability or inadmissibility would thereby be eliminated; and (2) where the alien would receive a grant of adjustment of status in conjunction with the grant of any appropriate waivers of inadmissibility. *Id.*

In view of the respondent's deportability on the charge based on section 212(a)(17) of the Act, we find that she is ineligible for section 241(f) relief as she was not "otherwise admissible" to the United States at the time of her entry. *See Hames-Herrera v. Rosenberg,* 463 F.2d 451 (9th Cir. 1972); *Vargas v. INS,* 409 F.2d 335 (5th Cir. 1968), *cert. denied,* 396 U.S. 895 (1969). Eligibility for section 241(f) relief requires that the alien be "otherwise admissible to the United States at the time of entry except for those grounds of inadmissibility specified under paragraphs (14), (20), and (21) of section 212(a) which were a direct result of that fraud or misrepresentation." Inadmissibility under section 212(a)(17) is not a ground of inadmissibility within the scope of this provision. Therefore, the Board finds that the respondent's application for relief under section 241(f) must be denied.

As the respondent was excludable at entry under section 212(a)(20) for having no valid immigrant visa and thus remains deportable, her application for retroactive permission to reapply for admission after deportation must also be denied. As discussed above, this Board may grant a respondent nunc pro tunc permission to reapply for admission under a few well-defined instances. Here, a grant of such relief would not eliminate the only ground of deportability, as this respondent was not in possession of a valid unexpired immigrant visa or other valid entry document when she entered the United States. *See Matter of Ducret, supra; Matter of Vrettakos,* 14 I&N Dec. 593 (BIA 1973; 1974); *Matter of M-C-,* 9 I&N Dec. 280, 284 (BIA 1961). This is not a case where an alien with an otherwise valid immigrant or nonimmigrant entry document simply failed to request permission to reapply for admission, the granting of which would have permitted her lawful entry into the United States.

On appeal, the respondent submits that the immigration judge erred in "bootstrapping," but it is the respondent who seeks to "bootstrap" eligibility for relief. The respondent states that "once [s]ection 241(f) . . . relief is granted, the only charge which remains is the 212(a)(17) charge and therefore the judge could grant the relief of the application." This analysis, however, presupposes eligibility for section 241(f) relief that does not exist. We do not find that the respondent can "bootstrap" eligibility from one waiver to the other where she is not separately eligible for either.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.