FILED

APR 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMANNUEL LAMPTEY, | No. 05-76386 |
| Petitioner, | Agency No. A095-615-631 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2010**
Pasadena, California

Before:     KOZINSKI, Chief Judge, W. FLETCHER, Circuit Judge, and
GETTLEMAN, Senior District Judge.***

First, the BIA properly determined that Lamptey was ineligible for

adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i) because his underlying

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***     The Honorable Robert W. Gettleman, United States District Judge for
the Northern District of Illinois, sitting by designation.

visa petition was filed on October 14, 2003, long after the April 30, 2001, deadline for establishing eligibility under the statute.

Second, Lamptey's claim for equitable estoppel is unavailing. Lamptey argues that DHS should be estopped from issuing a Notice to Appear against him because his application for adjustment of status was improperly filed as a consequence of his attorney's reliance on misinformation from a Department of Homeland Security (DHS) filing clerk. This claim fails because Lamptey did not submit any evidence that the filing clerk engaged in affirmative misconduct. See *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1184 (9th Cir. 2001)(en banc)(equitable estoppel is available only where the government engages in "affirmative misconduct," which is defined "to mean a deliberate lie or a pattern of false promises").

Lastly, the BIA did not err in denying Lampty's application for nunc pro tunc permission to reapply for admission. The BIA has the authority to grant nunc pro tunc permission to reapply for admission to the United States where such a grant "will effect a complete disposition of the case." *Dragon v. INS*, 748 F.2d 1304, 1306 n.2 (9th Cir. 1984); See *Matter of Roman*, 19 I&N Dec. 855 (BIA 1988). As discussed above, Lamptey was ineligible for adjustment of status under section 1255(I), and as an alien who entered the United States without inspection

2

he could not meet the prerequisites for adjustment under section 1255(a). Because he would remain ineligible under INA § 212(a)(6)(A)(i), a grant of nunc pro tunc permission would not result in complete disposition of Lamptey's case.

PETITION FOR REVIEW DENIED.