**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVELYN MANGUERRA,<br><br>        Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 13-72017<br><br>Agency No. A096-025-434<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2016[**]
Pasadena, California

Before: RAWLINSON, and BEA, Circuit Judges, and SEEBORG,[***] District Judge.

Evelyn Manguerra petitions for review of the Board of Immigration Appeals

("BIA")'s dismissal of her appeal of an immigration judge ("IJ")'s decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

denying her application for cancellation of removal. We deny the petition for review.

The BIA and IJ properly determined that because Manguerra had entered the United States using a passport and visa belonging to someone else in 1992, she had procured her entry by fraud and therefore was inadmissible at the time she applied for adjustment to lawful permanent resident status from 2002 to 2004. *See* 8 U.S.C. § 1182(a)(6)(C)(i). Thus, when Manguerra applied for adjustment to lawful permanent resident status, she was required to submit an application for waiver of inadmissibility, demonstrating that the refusal of her admission to the United States "would result in extreme hardship" to her United States citizen spouse. *See* 8 U.S.C. § 1182(i). Manguerra failed to apply for such a waiver. Instead, she misrepresented how she had entered the United States in 1992 on her application to adjust status to lawful permanent resident. Accordingly, the BIA properly determined that she had not been lawfully admitted for permanent residence and was ineligible for cancellation of removal for lawful permanent residents. *See Segura v. Holder*, 605 F.3d 1063, 1067 (9th Cir. 2010) (an alien who has acquired permanent resident status in error or through fraud has not been lawfully admitted for permanent residence).

2

First, Manguerra argues that the BIA erred by holding that she was ineligible for cancellation of removal because she was eligible for a discretionary fraud waiver. Manguerra argues that if she were granted a fraud waiver as to her 1992 entrance into the United States, she then would become statutorily eligible for cancellation of removal by applying to waive the alien smuggling offense she attempted to commit in 2006. That second waiver would clear her lawful permanent resident status of all illegality.

Neither the Immigration and Nationality Act nor the governing regulations grant an IJ the authority to allow an alien to apply for nunc pro tunc relief. *See Matter of Garcia-Linares*, 21 I&N Dec. 254, 257 (BIA 1996). However, there has been "an administrative practice of granting such relief in a few well-defined instances." *Id*. (internal quotation marks omitted). Those two instances are: "(1) where the only ground of deportability or inadmissibility would thereby be eliminated;" or (2) "where the alien would receive a grant of adjustment of status in conjunction with the grant of any appropriate waivers of inadmissibility." *Matter of Roman*, 19 I&N Dec. 855, 859 (BIA 1988).

Here, even if Manguerra were to receive a waiver nunc pro tunc to forgive the fraud she committed in both 1992 (when she entered the United States using a passport and visa belonging to someone else) and 2004 (when she misrepresented

3

how she had entered the United States in 1992 on her application for adjustment to lawful permanent resident status), she would remain inadmissible, and thus removable, because in 2006 she had attempted to smuggle another alien, her brother, into the United States—a ground of inadmissibility that cannot be waived. The IJ cannot simply grant a nunc pro tunc stand-alone waiver without adjudicating an attendant application for adjustment of status. Because Manguerra committed fraud in obtaining her lawful permanent resident status in 2004, her status was "void ab initio." *See Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010) ("[A]ll grants of [lawful permanent resident] status that were not in substantive compliance with the immigration laws" are "void ab initio."). Manguerra cannot restore her lawful permanent resident status without reapplying for adjustment of status in conjunction with the necessary waiver(s) of inadmissibility. Because the 2006 alien smuggling ground of inadmissibility cannot be waived, she is ineligible for adjustment of status.

Second, Manguerra argues that the IJ abused her discretion in denying her request for a continuance to research the potential availability of a nunc pro tunc fraud waiver, therefore depriving her of due process in her removal proceedings.

This argument fails. As explained above, Manguerra was not eligible for a nunc pro tunc fraud waiver. Because there was no relief available to Manguerra, a continuance would have been to no avail.

Moreover, Manguerra's conduct was not reasonable. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (court considers the reasonableness of the alien's conduct, among other factors, in determining whether an IJ's denial of a continuance was an abuse of discretion). The issue of Manguerra's improper adjustment came up for the first time during the merits hearing because Manguerra persisted in making misleading statements regarding how she entered the United States in 1992. Any confusion regarding her eligibility for a fraud waiver was due to her own lack of candor.

Finally, when the IJ denied the request, she stated, "[I]f you find anything new that I'm not aware of, I'll be happy to look at a motion to reopen, you know, if you've got some background information that says that she would be eligible for nunc pro tunc on a 212(i)." The IJ's denial of the motion to continue, therefore, did not prevent Manguerra's counsel from conducting further research regarding whether Manguerra was eligible for a fraud wavier or from obtaining new evidence.

**PETITION FOR REVIEW DENIED.**

5