**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN DE DIOS MOLINA-PENA, | No.   12-73642 |
| Petitioner, | Agency No. A092-300-354 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 31, 2017
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and FOOTE,** District Judge.

Juan Molina-Pena petitions for review of the Board of Immigration Appeals'

("BIA") decision dismissing his appeal from an immigration judge's denial of his

motion to reopen his deportation proceedings.  We review the denial of a motion to

reopen for abuse of discretion, and questions of law and constitutional issues *de*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

*novo*. *Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1040 (9th Cir. 2007). We defer to the decision of the BIA unless it acted in a manner that was "arbitrary, irrational, or contrary to law." *Caruncho v. INS*, 68 F.3d 356, 360 (9th Cir. 1995). For the reasons announced below, we deny in part and grant in part the petition for review, and remand to the BIA for clarification.

The BIA did not abuse its discretion in denying Molina-Pena's motion to reopen as untimely when he did not file his motion until more than a decade after the deportation order became final and failed to show that he acted with the due diligence required to warrant equitable tolling. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

Because Molina-Pena did not meet the timing requirements and is not entitled to equitable tolling, his only remaining avenue for relief was to ask the BIA to reopen his proceedings *sua sponte*. *Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016). The BIA has found that its power to reopen *sua sponte* is limited to "exceptional circumstances," *In Re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997), and we ordinarily lack jurisdiction to review such a determination. *See Bonilla*, 840 F.3d at 586-88.

Here, it is unclear whether the BIA applied the "exceptional circumstances" standard to Molina-Pena's claims. While the BIA briefly referenced the standard in its order, it clearly applied the "gross miscarriage of justice" standard as well.

2

Therefore, we remand to the BIA to clarify the legal standard applied and to enunciate the reasons for the denial of *sua sponte* reopening. As is permitted under the limited scope of review defined in *Bonilla*, we remand for the "limited purpose" of requiring the agency to state the reasoning behind its decision, so that we may review for legal or constitutional error. 840 F.3d at 588.

Accordingly, the petition is **DENIED in part, GRANTED in part, and REMANDED**.