NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN DE DIOS MOLINA-PENA, AKA Juan De Dios, | No. 16-70399 |
| Petitioner, | Agency No. A092-300-354 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

| | |
|---|---|
| JUAN DE DIOS MOLINA-PENA, | No. 18-71633 |
| Petitioner, | Agency No. A092-300-354 |
| v. | |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petitions for Review of the Orders of the
Board of Immigration Appeals

Argued and Submitted December 12, 2019
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  GRABER and BERZON, Circuit Judges, and EZRA,[**] District Judge.

Petitioner Juan Molina-Pena has two petitions before the court.  First, he seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the Department of Homeland Security's final order of removal.  Second, he seeks review of the BIA's decision dismissing his appeal of the immigration judge's ("IJ") denial of his *sua sponte* motion to reopen.  We grant Petitioner's first petition and deny his second petition.

1.      The BIA did not commit legal or constitutional error in its denial of petitioner's *sua sponte* motion to reopen.  In 2017, we remanded this petition to the BIA for the "limited purpose" of requiring the BIA to clarify its application of the "exceptional circumstances" standard to Molina-Pena's claims so we could review for legal or constitutional error.  *Molina-Pena v. Sessions*, 699 F. App'x 638, 638−39 (9th Cir. 2017) (unpublished).  Following the remand, the BIA concluded that subsequent changes to the law's interpretation did not render the IJ's 1996 decision, denying the respondent's request for § 212(c) relief, invalid or present an "exceptional situation."  As permitted by our limited scope of review, we review this statement for legal or constitutional error.  *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).  We hold the BIA's reasoning does not constitute such error and

---

[**]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

deny this petition for review.

2. We grant Petitioner's petition for review of his removal petition. We remand to the BIA for reconsideration of whether Petitioner received proper notice of his right to appeal the IJ's 1996 decision and, if not, what effect that finding has on the analysis of gross miscarriage of justice. Petitioner seeks to collaterally attack his 1996 removal order. "The BIA has consistently held that 'an alien may collaterally attack a final order of exclusion or deportation in a subsequent deportation proceeding only if she can show that the prior order resulted in a gross miscarriage of justice.'" *Vega-Anguiano v. Barr*, 942 F.3d 945, 949 (9th Cir. 2019) (quoting *Matter of Roman*, 19 I. & N. Dec. 855, 856−57 (B.I.A. 1988)). A gross miscarriage of justice occurs when a removal order had no valid legal basis at the time of its issuance or at the time of its execution. *Id.*

Petitioner asserts that the IJ erred in his original removal proceeding in 1996 by applying AEDPA retroactively and that he never received notice of his right to appeal in 1996. Petitioner contrasts his case to those in which we have upheld deportations based on an erroneous interpretation of AEDPA's retroactivity when the petitioners had voluntarily waived the right to appeal their original removal orders. *See Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1173 (9th Cir. 2001) (rejecting petitioner's argument that he had no meaningful review because he "voluntarily waived" the right to appeal); *see also Avila-Sanchez v. Mukasey*, 509

3                                                                                    16-70399

F.3d 1037, 1039 (9th Cir. 2007) (noting that the petitioner filed neither a petition for review nor a habeas corpus petition). Petitioner argues that he never had the opportunity to appeal his original removal order because he was never notified of his right to do so. This distinction is important. Had Petitioner appealed the IJ's 1996 decision to the BIA and later to us, Petitioner may not have been removed at all—particularly in light of the evolving case law regarding AEDPA's retroactivity. *See Magano-Pizano v. I.N.S.*, 200 F.3d 603 (9th Cir. 1999). The BIA has not addressed Petitioner's argument that he did not receive notice of his right to appeal.

We remand to the BIA for reconsideration of Petitioner's appeal of his final order of removal so that the BIA may address whether a proper notice of his right to appeal was given in 1996 and, if not, what effect that finding has on the analysis as to whether Petitioner's removal order resulted in a gross miscarriage of justice.

Petition in No. 16-70399 is **GRANTED**. Petition in No. 18-71633 is **DENIED**.