**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OSCAR JAVIER AVILA-SANCHEZ,
                    *Petitioner,*

v.

MICHAEL B. MUKASEY,* Attorney
General,

                    *Respondent.*

No. 06-70663

Agency No.
A36-649-343

OPINION

Petition to Review an Order of the
Board of Immigration Appeals

Submitted October 15, 2007**
Pasadena, California

Filed December 3, 2007

Before: Ferdinand F. Fernandez and Kim McLane Wardlaw,
Circuit Judges, and Raner C. Collins,*** District Judge.

Opinion by Judge Fernandez

---

*Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States. Fed. R. App. P. 43(c)(2).

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

15631

**COUNSEL**

Carlos Vellanoweth, John Wolfgang Gehart, Elena Yampolsky, and Russell Marco Jauregui, Vellanoweth & Gehart, LLP, Los Angeles, California, for the petitioner.

Edward J. Duffy, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

## OPINION

FERNANDEZ, Circuit Judge:

Oscar Javier Avila-Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order denying his special motion to reopen so that he could apply for a waiver of inadmissibility pursuant to former 8 U.S.C. § 1182(c) (1994).[1] The BIA determined that due to the fact of Avila's prior deportation and subsequent illegal reentry, he was not entitled to relief. In addition, it refused to allow him to collaterally attack prior proceedings. We deny the petition.

## BACKGROUND

Avila was a lawful permanent resident, who first entered the country in 1980. In July 1994, Avila pled guilty and was convicted of possession of a controlled substance (heroin), pursuant to California Health and Safety Code § 11350. In November 1996, the former Immigration and Naturalization Service issued an Order to Show Cause charging Avila with a controlled substance violation, and placed him in deportation proceedings. [First Proceeding]. In those proceedings, the Immigration Judge found Avila deportable as charged, ineligible for relief under § 1182(c), and ineligible for cancellation of removal.

Avila filed a timely motion for reconsideration, in which he requested a waiver of inadmissibility under § 1182(c).[2] The

---

[1]This is also often referred to as the Immigration and Nationality Act § 212(c).

[2]At the time that Avila pled guilty, 8 U.S.C. § 1182(c) read in pertinent part: "The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c) (1994).

BIA applied the 1996 version of § 1182(c) and on February 5, 1998, denied the motion. It held that *In re Soriano*, 21 I. & N. Dec. 516 (BIA 1996) was dispositive, and that Avila was statutorily ineligible for relief as an " 'alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D) [8 U.S.C. § 1251(a)(2)(A)(iii), (B), (C), or (D)], or any offense covered by section 241(a)(2)(A)(ii) [8 U.S.C. § 1251(a)(2)(A)(ii)] for which both predicate offenses are covered by section 241(a)(2)(A)(i) [8 U.S.C. § 1251(a)(2) (A)(i)].' "[3] Avila was represented by counsel, but neither filed a petition for review or habeas corpus from that order, nor asked for a stay of deportation to challenge the order of removal. He was deported on February 20, 1998.

Avila illegally returned to the United States in July 1998. In April 2005, he was stopped for suspicion of driving under the influence and detained. The Department of Homeland Security requested that he remain in custody, and on April 29, 2005, issued a Notice to Appear. [Second Proceeding]. The Notice to Appear charged that Avila was not a citizen or national of the United States and that he was removable for entering the United States without inspection after he had been previously removed. Avila admitted that he was removable as charged, but waited to collaterally attack his prior removal. On June 28, 2005, the IJ ordered him removed.

However, on April 20, 2005, Avila had filed with the BIA an unopposed special motion to reopen the First Proceeding — his 1998 removal proceeding — to seek § 1182(c) relief under 8 C.F.R. § 1003.44. In that motion, Avila failed to advise the BIA that he had been deported previously pursuant to a final order of removal, which made him ineligible for special reopening. Based on that incomplete information, the

---

[3]This was due to a change in the provisions of § 1182(c) made by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), which became effective April 24, 1996.

BIA reopened the First Proceeding and remanded the case on July 7, 2005.

The day after the BIA reopened the First Proceeding, Avila appealed the IJ's June 2005 order of removal in the Second Proceeding to the BIA. Avila then requested that the BIA consolidate his removal proceeding (the Second Proceeding) with the motion to reopen his First Proceeding. On August 11, 2005, the IJ in the First Proceeding requested that the BIA reconsider its decision to reopen the First Proceeding because Avila's departure and illegal reentry made him ineligible to have his case reopened under 8 C.F.R. § 1003.44.

In September 2005, the BIA dismissed Avila's appeal of the June 28, 2005, removal order in the Second Proceeding. He moved the BIA to reconsider that decision and renewed his request to consolidate the removal case (Second Proceeding) with the special motion to reopen (First Proceeding). On January 23, 2006, the BIA issued orders in both proceedings. The first order denied Avila's motion for reconsideration of its decision denying his appeal from the June 2005 order of removal in the Second Proceeding. The second order held that the BIA had erred in granting Avila's motion to reopen the First Proceeding. The BIA pointed out that Avila was previously deported and had illegally reentered the United States, and was, therefore, ineligible for reopening. *See* 8 C.F.R. 1003.44(k)(2). It, therefore, vacated its July 2005 reopening decision, reinstated Avila's motion to reopen, and denied it. This petition for review followed.

## STANDARD OF REVIEW

We review the BIA's decision to deny a motion to reopen for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review constitutional and legal issues de novo. *Ram v. INS*, 243 F.3d 510, 516-17 (9th Cir. 2001); *Mohammed*, 400 F.3d at 791-92. However, we do accord appropriate deference to the BIA. *See INS v. Aguirre-*

*Aguirre*, 526 U.S. 415, 423-25, 119 S. Ct. 1439, 1445-46, 143 L. Ed. 2d 590 (1999).

## DISCUSSION

Avila claims that the BIA erred when it denied his petition to reopen the First Proceeding so that he could challenge its decision of February 5, 1998, that he was not entitled to 1182(c) relief, and so that he could apply for that relief. At the time of the February 5, 1998, decision, the BIA had relied upon its prior determination[4] that the AEDPA amendments to § 1182(c) applied to people who had pled guilty to offenses before it was enacted. As is well known, the courts later determined that the contrary was true. *See INS v. St. Cyr*, 533 U.S. 289, 326, 121 S. Ct. 2271, 2293, 150 L. Ed. 2d 347 (2001); *see also Magana-Pizano v. INS*, 200 F.3d 603, 611-13 (9th Cir. 1999).

Thereafter, a regulation was adopted to provide for a special motion to reopen cases where relief had been erroneously denied under the old regime. *See* 8 C.F.R. § 1003.44(a)-(c). However, that regulation specifically provides that: "This section does not apply to: . . . (2) Aliens issued a final order of deportation or removal who then illegally returned to the United States." *Id.* § 1003.44(k)(2). The BIA interpreted that regulation to preclude reopening of the First Proceeding. The BIA did so because Avila had undoubtedly been deported while he was subject to a final order of deportation issued February 5, 1998, and had unquestionably returned illegally. On its face, the BIA's decision was not erroneous.

However, Avila argues the BIA erred because the order of deportation in the First Proceeding was illegal, and could not, therefore, have been the basis for his removal from the United States. Similarly, he asserts that he should have been able to

---

[4]*See In re Soriano*, 21 I. & N. Dec. at 540.

collaterally attack the result of the First Proceeding. He is wrong.

**[1]** As we have explained before, the mere fact that the BIA made an interpretation error was insufficient to make its order "unlawful." *See Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1172-73 (9th Cir. 2001). In that case, the alien had been deported after having been denied § 1182(c) relief, but returned illegally. *Id.* at 1171. He asserted that because the original determination was erroneous, his deportation was unlawful. *Id.* We rejected that argument and pointed out that at the time of his deportation, the BIA's action was in accord with the rules that then existed and those were not overturned until over two years later. *Id.* at 1172. As we stated:

> Alvarenga contends that [the provision in question] does not apply to him because the statute applies only to lawful removal orders. However, we need not resolve this issue, because, as we have explained, Alvarenga's deportation order was perfectly lawful under the law at the time he was deported. "[I]t has long been established that a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule."

*Id.* at 1173. For all practical purposes, this case is the same.[5] Thus, Avila's argument about "lawfulness" cannot save his position regarding the reopening of the First Proceeding or, for that matter, allowance of a collateral attack on the First Proceeding results.

**[2]** But, argues Avila, the regulation violates equal protection principles because the treatment it accords to removed aliens differs from and is less favorable than the treatment accorded to those who have not yet been removed. However,

---

[5]That the order of deportation for Avila came just under two years earlier, rather than over two years earlier, is of no significance.

in *Alvarenga-Villalobos* we disposed of a similar claim regarding the distinction between classes of aliens applying for § 1182(c) relief. As we said: "Distinctions between different classes of aliens in the immigration context are subject to rational basis review and must be upheld if they are rationally related to a legitimate government purpose." *Id.* at 1174. And, we held: "The government has a legitimate interest in discouraging aliens who have already been deported from illegally reentering, and this distinction is rationally related to that purpose." *Id.* Avila's claim lacks puissance.

Avila's due process assertions fare no better. His claim that the regulation violates due process is simply an allotrope of his other attacks upon it, and has as much effect. *See id.* at 1173-74. His ululation about the fact that the post-reentry portion of the First Proceeding was before one judge, while the Second Proceeding was before a different judge is otiose. Any awkwardness was largely due to his own omissions.[6] In any event, even if there were some error, the First Proceeding and the Second Proceeding were both before the BIA when it issued its ultimate orders on January 23, 2006, and Avila has not demonstrated any prejudice. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).

## CONCLUSION

**[3]** Avila was removed in February 1998 because of his criminal history. He returned illegally in 1998. When stopped in 2005 for suspicion of driving under the influence and detained, he sought to reopen proceedings and to attack the prior proceeding. He was ultimately denied that relief, and

---

[6]When Avila asked the BIA to reopen the First Proceeding, he did not bother mentioning that he had been deported and had then reentered the United States without inspection. Also, when he asked the IJ who was hearing the mistakenly reopened First Proceeding to transfer the matter to the IJ who was hearing the Second Proceeding, he did not bother mentioning that the Second Proceeding had already been decided by that IJ and was on appeal to the BIA.

was again ordered removed. He, with much febrile hyperbole, claims that denying him the right to reopen or collaterally attack the prior proceedings violates his constitutional rights. We disagree. The provisions of 8 C.F.R. § 1003.44(k)(2) are constitutional and were not improperly applied to Avila. Nor did the BIA err when it refused to allow a collateral attack on the prior proceeding.

   Petition **DENIED**.