Silvia FELIX, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Silvia Felix, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 05–35669, 05–77446, 07–71470.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed May 16, 2008.

Leslie McKay, Kelly J. Walls, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Nicole Hope Nelson, Philip J. Smith, Nelson/Smith, LLP, Portland, OR, for Petitioner.

Before: TALLMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

■■■■■■■■■

## MEMORANDUM *

*Petition for Review No. 05–35669*

Silvia Felix appeals the district court's dismissal of her habeas petition. Pursuant to *Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1053 (9th Cir.2005), we construed the appeal as a petition for review from the agency's decision, which means "we now review the BIA's decision, not the district court's orders." Because Felix did not appeal the Immigration Judge's 1998 removal order to the Board of Immigration Appeals, however, we are left to review the IJ's removal order itself.

■ The Immigration and Nationality Act contains a "statutorily-mandated administrative exhaustion requirement," which limits this court's power to review removal orders to those for which "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *Puga v. Chertoff*, 488 F.3d 812, 814–15 (9th Cir.2007). "We have held that 'failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.'" *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir.2004) (brackets omitted). This exhaustion requirement applies to habeas petitioners as well as to those seeking direct review from an agency decision. *See Sun v. Ashcroft*, 370 F.3d 932, 935, 941 (9th Cir.2004) (holding that § 1252(d)(1), which applies to direct review of removal orders, is also "applicable to habeas petitioners").

It is undisputed that Felix did not appeal the 1998 removal order to the BIA. She therefore failed to exhaust administrative remedies before filing her habeas petition or this petition for review. Felix's failure to exhaust administrative remedies

therefore deprives this court of jurisdiction to review the 1998 removal order. *See Zara*, 383 F.3d at 930.

*Petition for Review No. 05–77446*

■ Felix petitions for review of the BIA's dismissal of her appeal from the IJ's denial of her motion to reopen and reconsider the 1998 removal order.

Felix's arguments are based on former § 212(c) of the INA, which "authorize[d] any permanent resident alien to apply for discretionary waiver from deportation." *United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1053 (9th Cir.2003). At the time of Felix's 1998 removal proceedings, "the BIA had taken the position that the ... 1996 restrictions on § 212(c) relief applied to aliens who had committed a crime prior to their enactment." *Id.* at 1054 (citing *In re Soriano*, 21 I. & N. Dec. 516 (BIA 1996)). "However, in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that ' § 212(c) relief remains available for aliens ... who ... would have been eligible for § 212(c) relief at the time of their plea under the law then in effect.'" *Id.*

By filing a motion to reconsider and reopen, Felix sought to collaterally attack the 1998 removal order. *See Avila–Sanchez v. Mukasey*, 509 F.3d 1037, 1040–41 (9th Cir.2007) (construing the BIA's denial of a motion to reopen as a "refus[al] to allow a collateral attack on the prior proceeding"). In *Alvarenga–Villalobos v. Ashcroft*, 271 F.3d 1169, 1172 (9th Cir. 2001), this court reiterated the "general rule of nonretroactivity for cases on collateral review." In that case, the petitioner collaterally attacked his earlier removal order, arguing that a case decided after he was ordered removed (and after he was

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

actually removed) "rendered the IJ's decision not to allow [him] to pursue § 212(c) relief unlawful." *Id.* at 1171. This court construed his collateral attack as an attempt "to apply to his prior order of deportation a new rule that did not take effect until two-and-a-half years after he had been deported." *Id.* at 1172. Noting that "it has long been established that a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule," we held that the petitioner's "deportation order was perfectly lawful under the law at the time he was deported." *Id.* at 1172–73; *see also Avila–Sanchez*, 509 F.3d at 1040–41.

Here, Felix similarly sought to collaterally attack the 1998 removal order after having been removed, claiming that a subsequent change in the law warranted the reopening of the 1998 proceedings because that change made the removal order unlawful. As we noted in *Alvarenga–Villalobos*, however, the general rule of nonretroactivity for cases on collateral review precludes this court from applying the "new rule" announced in *St. Cyr* to Felix's removal order. *See Alvarenga–Villalobos*, 271 F.3d at 1171 ("the prior order was not unlawful because his deportation proceeding was not on direct review when [the subsequent case] was decided and, as [that subsequent case] announced a new rule, it does not apply retroactively on collateral review"); *see also Avila–Sanchez*, 509 F.3d at 1040–41. Stated differently, the 1998 removal order "was perfectly lawful under the law at the time [Felix] was deported." *Alvarenga–Villalobos*, 271 F.3d at 1173. Therefore, the BIA did not err in concluding that the 1998 order is valid and does not violate her due process rights. *Avila–Sanchez*, 509 F.3d at 1040–41; *Alvarenga–Villalobos*, 271 F.3d at

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

1171. Accordingly, the BIA did not abuse its discretion in dismissing Felix's appeal. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002) ("We review the BIA's denial of motions to reopen or to reconsider for abuse of discretion.").

*Petition for Review No. 07–71470*

Felix petitions for review of the BIA's dismissal of her appeal from the 2006 removal order. Her entire petition is based on the argument that her 1998 removal order was unlawful. As described above, however, we reject that argument. Accordingly, we deny her petition for review.

**PETITIONS DENIED in part; DISMISSED in part.**