**JIE LIANG MA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–72480.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2008.*

Filed April 24, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Melanie Meie Yang, Esquire, Law Offices of Melanie M. Yang, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA,

Richard M. Evans, Esquire, Assistant Director, Gregory Michael Kelch, Patricia Ann Smith, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Jie Liang Ma, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination because Ma displayed a lack of basic knowledge of the Christian religion, despite testifying that he proselytized in China and that he continued his religious activity in the United States. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004). Because the IJ had reason to question Ma's credibility, Ma's failure to provide any corroborating evidence other than his pass-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

port also undermines his claim. *See Sidhu v. INS,* 220 F.3d 1085, 1090–92 (9th Cir. 2000), *see also* 8 U.S.C. § 1252(b)(4)(D) (the court cannot reverse a determination regarding availability of corroborating evidence unless compelled to do so). Accordingly, Ma failed to establish eligibility for asylum. *See Li,* 378 F.3d at 964 (stating that so long as one identified ground is supported by substantial evidence and goes to the heart of the claim, the court is bound to accept the IJ's adverse credibility finding).

■ Because Ma failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Because Ma's CAT claim is based on the same testimony the IJ found to be not credible, and Ma points to no other evidence the IJ should have considered, he has failed to establish eligibility for CAT relief. *See id.* at 1157.

■ Finally, Ma's contention that the BIA violated his due process rights by refusing to accept his late-filed brief fails because the BIA has discretion to reject an untimely brief. *See* 8 C.F.R. § 1003.3(c)(1) (BIA has discretion, upon written motion, to extend the time period for filing a brief). Even assuming error, Ma failed to demonstrate prejudice. *See Avila–Sanchez v. Mukasey,* 509 F.3d 1037, 1041 (9th Cir.2007). Finally, to the extent that Ma contends a deprivation of due process caused by ineffective assistance of counsel, Ma has not exhausted the ineffective assistance claim before the BIA. *See Liu v. Waters,* 55 F.3d 421, 426 (9th Cir. 1995) (ineffective assistance of counsel

claims must be exhausted through a motion to reopen before the BIA).

Because we deny Ma's petition for review, we deny his request for fees under the Equal Access to Justice Act.

**PETITION FOR REVIEW DENIED.**