**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EZEQUIEL MIRAMONTES-ARTEAGA, | No. 07-73473 |
| Petitioner, | |
| v. | Agency No. A035-789-677 |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:      CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Ezequiel Miramontes-Arteaga, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen and dismissing his appeal from an immigration judge's ("IJ") decision

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

granting the government's motion to rescind.  We have jurisdiction pursuant to 8

U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen

and de novo constitutional and legal issues.  *Avila-Sanchez v. Mukasey,* 509 F.3d

1037, 1039-40 (9th Cir. 2007).  We deny the petition for review.

The agency correctly determined that the IJ lacked jurisdiction to entertain

Miramontes-Arteaga's second motion to reopen because jurisdiction remained with

the BIA following the BIA's order dismissing Miramontes-Arteaga's prior appeal.

*See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1).

Because Miramontes-Arteaga's 1998 deportation order was lawful when he

was deported, the BIA did not err in concluding that Miramontes-Arteaga failed to

demonstrate a "gross miscarriage of justice at the prior proceeding."

*Ramirez-Juarez v. INS*, 633 F.2d 174, 175-76 (9th Cir. 1980) (per curiam); *see also*

*Alavarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1172-73 (9th Cir. 2001); *Avila-*

*Sanchez*, 509 F.3d at 1040-41.  Accordingly, the BIA did not abuse its discretion in

denying Miaramontes-Arteaga's motion to reopen.  *See Ahwazi v. INS*, 751 F.2d

1120, 1122 (9th Cir. 1985) (we will uphold the BIA's denial of a motion to reopen

"unless it is arbitrary, irrational, or contrary to law").

Miramontes-Arteaga's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**