**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SEUNG MIN HONG, a.k.a. Seung Hong; JONG MI HONG, a.k.a. Jong Mi Kim; JAE YONG HONG,  Petitioners,  v.  ERIC H. HOLDER Jr., Attorney General,  Respondent. | No. 06-73417  Agency Nos. A072-971-915 A072-971-916 A072-971-918  MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010 [**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Seung Min Hong and his wife and son, natives and citizens of South Korea,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's order of removal.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo constitutional and legal issues, *Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1040 (9th Cir. 2007), and we deny the petition for review.

We reject petitioners' contention that the government failed to establish removability by clear and convincing evidence, because they conceded removability. *See Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008).

We also reject petitioners' contention that the government should be equitably estopped from ordering their removal. Although a government employee, Leland Sustaire, issued petitioners' fraudulent alien registration cards, the record shows Seung Min Hong was not "ignorant of the true facts" when he procured the cards, *see id*. at 1025, and "[i]n any event, estoppel against the government is unavailable where petitioners have not lost any rights to which they were entitled," *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir. 2000).

We find no defects amounting to a due process violation. *See Shin*, 547 F.3d at 1024-25; *Hong v. Mukasey*, 518 F.3d 1030, 1035-36 (9th Cir. 2008).

Finally, we deny the Hongs' request to remand their case to the BIA for consideration of their pending applications for adjustment of status because the proper recourse is to file a motion to reopen with the BIA. *See Iturribarria v. INS*, 321 F.3d 889, 896-97 (9th Cir. 2003); 8 C.F.R. § 1003.2(c)(1).

The government's motion to strike portions of petitioners' supplemental reply brief is denied.

**PETITION FOR REVIEW DENIED.**