**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANTONIO FIERRO-AVALOS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 07-70904 <br> 07-73271 <br><br> Agency No. A037-805-057 <br><br> MEMORANDUM* |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted July 19, 2010**

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

In these consolidated petitions for review, Jose Antonio Fierro-Avalos, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal and denying his motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo constitutional

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and legal issues and for abuse of discretion the denial of a motion to reopen. *Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1039-40 (9th Cir. 2007). We deny the petitions for review.

The BIA did not err in concluding that Fierro-Avalos is ineligible for section 212(c) relief because Fierro-Avalos was ineligible for permanent resident status at the time he filed his application for an adjustment of status due to his admitted 1978 conviction for a controlled substance offense, *see* 8 U.S.C. §§ 1182(a)(23), 1255(a)(2) (1983), and was therefore never "lawfully admitted for permanent residence" as required by section 212(c). *See Monet v. INS*, 791 F.2d 752, 754 (9th Cir. 1986). The fact that Fierro-Avalos' 1978 conviction was not charged in the order to show cause is inapposite. *See Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006).

We reject Fierro-Avalos' due process challenge to the substitution of his immigration judge because he has not demonstrated prejudice. *See Vides-Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir. 1986) (denying due process claim where petitioner not prejudiced by substitution of immigration judge).

The BIA did not abuse its discretion in denying Fierro-Avalos' motion to reopen, because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant

07-70904

reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

To the extent Fierro-Avalos contends that the BIA failed to consider some or all of the evidence he submitted with the motion to reopen, he has not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITIONS FOR REVIEW DENIED.**