FILED

NOT FOR PUBLICATION

NOV 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES BARRAZA, | No. 05-76331 |
| Petitioner, | |
| v. | Agency No. A090-816-022 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Andres Barraza, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen and

remand and dismissing his appeal from an immigration judge's order denying his

motion to reconsider her order denying his special motion to seek relief under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider or reopen and review de novo claims of due process violations. *See Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The agency acted within its discretion in denying Barraza's motion to reconsider because Barraza is not eligible to file a special motion to seek relief under former section 212(c). *See* 8 C.F.R. § 1003.44(k)(2) (individuals issued a final order of deportation who then illegally return to the United States are ineligible to file a special motion for relief under former section 212(c)); *see also Monet v. INS*, 791 F.2d 752, 753 (9th Cir. 1986) ("Admission is not lawful if it is regular only in form.").

The BIA acted within its discretion in denying as untimely Barraza's motion to reopen and remand because the motion was filed more than ten years after his removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Barraza did not show that he acted with the due diligence required for equitable tolling, *see Singh*, 491 F.3d at 1096-97. Moreover, because Barraza failed to demonstrate a "gross miscarriage of justice" in the prior proceeding, he may not at this point collaterally attack his 1992 deportation order. *See Hernandez-Almanza v. INS*, 547 F.2d 100,

102-03 (9th Cir. 1976); *see also Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1040-41 (9th Cir. 2007) (construing the BIA's denial of a motion to reopen as a "refus[al] to allow a collateral attack on the prior proceeding").

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings.  *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**