**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARMANDO DE JESUS HERNANDEZ-RAMIREZ,<br><br>        Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 09-70660<br><br>Agency No. A070-812-644<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Armando De Jesus Hernandez-Ramirez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, and review de novo

constitutional and legal issues. *Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1039-40

(9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Hernandez-Ramirez contends the BIA abused its discretion and violated due

process by failing to provide him with a full copy of the transcript prior to issuing

its decision. Contrary to Hernandez-Ramirez's contention, the proceedings were

not "so fundamentally unfair that [he] was prevented from reasonably presenting

his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted).

Moreover, Hernandez-Ramirez failed to demonstrate that review of the missing

transcript pages may have affected the outcome of the proceedings. *See id*.

(requiring prejudice to prevail on a due process challenge).

The agency did not abuse its discretion in denying Hernandez-Ramirez's

October 2002 motion to reopen because he did not satisfy the procedural

requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and

the alleged ineffectiveness is not plain on the face of the record. *See Tamang v.

Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010).

Hernandez-Ramirez contends he was unable to comply with the *Lozada*

requirements because of the ineffective assistance of his counsel. This contention

lacks merit because prior counsel did not represent him on appeal to the BIA.

2                                                                                      09-70660

We lack jurisdiction to review Hernandez-Ramirez's contention that the IJ erred in finding his motion to reopen to be number-barred. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Hernandez-Ramirez's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**