**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL SAENZ-KOBEL, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 09-71719 Agency No. A092-439-085 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2011[**]
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

Miguel Saenz-Kobel petitions for review of the BIA's denial of his motion

to reopen. In 1997, Saenz-Kobel conceded removability for an Arizona drug

smuggling conviction and waived appeal. Saenz-Kobel filed his motion to reopen

more than ten years after the immigration judge ordered him removed. This was

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

untimely because motions to reopen must be filed within 90 days of a final administrative order of removal. 8 C.F.R. § 1003.2(c)(2). Saenz-Kobel's removal order became administratively final when he waived appeal in 1997. 8 C.F.R. § 1003.39.

Saenz-Kobel argues that *Ruiz-Vidal v. Gonzalez*, 473 F.3d 1072 (9th Cir. 2007), is an intervening change in the law that renders his previous removal order unlawful. His argument is incorrect. An intervening change of law is not an excuse for filing an untimely motion to reopen. *Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1040-41 (9th Cir. 2007). Further, Saenz-Kobel's reliance on *Ruiz-Vidal* is misplaced, as that case considered the government's burden of proof in demonstrating that an alien is removable under INA section 237(a)(2)(B)(I). *Ruiz-Vidal* did not consider a situation where the petitioner conceded removability. In any event, *Ruiz-Vidal* is not an intervening change in the law. *See Matter of Paulus*, 11 I. & N. 274, 1965 WL 12279 (BIA 1965).

Petition DENIED.