NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER DE VERA-YADAO, AKA Chris Yadao, AKA Christopher Yadao-De Vera,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　　Respondent. | No.　14-72118<br><br>Agency No. A022-461-048<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and GRITZNER,*** District Judge.

Petitioner Christopher De Vera-Yadao, a native and citizen of the

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*　　The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

Philippines, seeks review of the Board of Immigration Appeals' (BIA) order dismissing De Vera-Yadao's appeal of an immigration judge's (IJ) order finding him removable. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

De Vera-Yadao was born in 1976 and immigrated to the United States on June 4, 1979, when he was three years old. On June 16, 2003, De Vera-Yadao was granted a waiver of removal under section 237(a)(1)(H) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(H), and his immigration status was adjusted to lawful permanent resident. On February 14, 2012, De Vera-Yadao was convicted in California state court of possession of methamphetamine for sale and of being a felon in possession of ammunition. On June 28, 2013, De Vera-Yadao was served a Notice to Appear (NTA), informing him that he was charged with being removable under INA section 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).

De Vera-Yadao appeared pro se for his removal hearing. The IJ reminded De Vera-Yadao of his right to an attorney and continued the hearing to allow him time to find a lawyer. Three weeks later, De Vera-Yadao appeared at the hearing and told the IJ he would proceed pro se. Under oath, De Vera-Yadao admitted that he was not a U.S. citizen and that he had been convicted of a removable offense. De Vera-Yadao also stated that his parents, who were not born in the United States, came to the United States in 1993, and they became naturalized citizens in

2                                                          14-72118

2000, when De Vera-Yadao was over eighteen years old. De Vera-Yadao said his aunt brought him to the United States in 1979. The Government stated its understanding that De Vera-Yadao was granted a section 237 (a)(1)(H) waiver of removal in June 2003 because the petition submitted by his aunt fraudulently represented De Vera-Yadao to be her son. The IJ provided De Vera-Yadao with an INA Form I-589 (Application for Asylum and Withholding of Removal) and continued the hearing for one week to allow De Vera-Yadao to complete the application. One week later, De Vera-Yadao returned without an attorney and without having completed the Form I-589. The IJ again continued the hearing, granting De Vera-Yadao's request for additional time to complete the form and to find an attorney. De Vera-Yadao returned one week later, again without an attorney and without having completed the Form I-589. De Vera-Yadao informed the IJ that he did not intend to seek asylum. The IJ ordered De Vera-Yadao removed to the Philippines and advised him that he had the right to appeal.

De Vera-Yadao appealed to the BIA asserting that the IJ failed to consider De Vera-Yadao's ties to the community, his family's hardship, and the possibility he was a U.S. citizen because he immigrated to the U.S. when he was three years old. The BIA granted De Vera-Yadao a three-week extension to file his opening brief. Two weeks after missing the extended filing deadline, De Vera-Yadao hired an attorney, who filed a request for a second extension of time to file an opening

brief. The BIA denied the second extension.

On June 11, 2014, the BIA issued its order dismissing De Vera-Yadao's appeal. The BIA held: (1) De Vera-Yadao had not established any derivative citizenship claim through his parents under former INA section 321(a), 8 U.S.C. § 1431(a) (1994), because De Vera-Yadao was twenty-three years old when his parents were naturalized; (2) De Vera-Yadao was removable under INA section 237(a)(2) and statutorily ineligible for cancellation of removal under INA section 240A(b)(1), 8 U.S.C. § 1229b(b)(1), due to his controlled substance violation; and (3) De Vera-Yadao would have to seek any request for humanitarian relief through the Department of Homeland Security.

On appeal, De Vera-Yadao does not challenge the BIA's removal determination. Instead, De Vera-Yadao argues he may have acquired derivative citizenship if his aunt adopted him in 1979, and therefore a genuine issue of material fact exists regarding his nationality. De Vera-Yadao further argues the BIA violated his right to due process by not affording him the opportunity to develop the record.

Although this court lacks jurisdiction to review a criminal alien's final order of removal, 8 U.S.C. § 1252(a)(2)(C), we do have jurisdiction to determine De Vera-Yadao's citizenship claim, *id.* § 1252(b)(5)(A), and his constitutional due process claim, *id.* § 1252(a)(2)(D). Both are legal questions, which we review de

novo. *See Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008).

De Vera-Yadao argues it is possible that his aunt adopted him prior to his entry into the United States on June 4, 1979. Absent a genuine issue of material fact, we must decide De Vera-Yadao's nationality claim. 8 U.S.C. § 1252(b)(5)(A). Traditional summary judgment rules apply to our consideration of De Vera-Yadao's citizenship claim. *Ayala-Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009) ("Evidence of foreign birth gives rise to a rebuttable presumption of alienage, shifting the burden to the alleged citizen to prove citizenship. Upon his production of substantial credible evidence in support of his citizenship claim, the presumption of alienage is rebutted." (citations omitted)).

De Vera-Yadao does not dispute that because he was over eighteen when his parents became naturalized citizens, he could not obtain derivative citizenship through his parents' naturalization. *See* 8 U.S.C. § 1431(a) (1994). However, he asserts it is possible that his aunt adopted him, which would make him a citizen. Only hypothetical scenarios support De Vera-Yadao's assertion, which appears for the first time in this appeal. A genuine issue of material fact is not created "[i]f the evidence is merely colorable, or is not significantly probative." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). De Vera-Yadao produced no evidence, and gave no indication that there is any evidence, to support his hypothesis that his aunt might have adopted him. De Vera-Yadao has not

demonstrated that a genuine issue of material fact exists. *See Mustanich v. Mukasey*, 518 F.3d 1084, 1085-86 (9th Cir. 2008) (denying transfer to the district court for an evidentiary hearing because there was no genuine issue of material fact concerning the petitioner's nationality).

De Vera-Yadao's due process claim is also without merit. De Vera-Yadao did not raise the adoption issue before the IJ or the BIA, and thus there was no need to further develop the record regarding an adoption. De Vera-Yadao was granted numerous extensions of time both to find an attorney and to file the necessary applications for relief. There is nothing in the record that could have caused the IJ to investigate an undisclosed and hypothetical possibility that De Vera-Yadao was adopted by his aunt. The BIA has broad discretion to grant or deny extensions of time within which to file briefs, *see* 8 C.F.R. § 1003.3(c)(1), and was within its discretion when it denied De Vera-Yadao's second request for an extension of time. Also, De Vera-Yadao failed to show he suffered any prejudice. *See Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1041 (9th Cir. 2007). The record demonstrates that the proceedings before the BIA satisfied De Vera-Yadao's right to due process. *See Zetino v. Holder*, 622 F.3d 1007, 1013-14 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**