NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDIA BELEN ALVAREZ-MUNOZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1355

Agency No.
A209-138-895

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Edia Alvarez-Munoz ("Alvarez-Munoz"), a native and citizen of Mexico,

petitions for review of the Board of Immigration of Appeals' ("BIA") decision

dismissing her appeal of the immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "We review only the BIA's decision except to the extent the decision adopts or relies on the IJ's reasoning, in which case we review both the IJ's and the BIA's decisions." *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. We review alleged due process violations de novo. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021). "Immigration proceedings, although not subject to the full range of constitutional protections, must conform to the Fifth Amendment's requirement of due process." *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir. 2005) (as amended). "Due process and this court's precedent require a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc) (citation omitted). "The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citations omitted).

Alvarez-Munoz argues that the BIA violated her due process rights by not adequately addressing her argument that the IJ's decision lacked clarity. On the contrary, the BIA explained why Alvarez-Munoz did not meet her burden of proof for her asylum and withholding of removal claims. The BIA also explicitly addressed Alvarez-Munoz's argument regarding the IJ's comments about her credibility, noting that she had not met her burden of proof notwithstanding the IJ's comments about the inherent plausibility of her claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010) (holding that the BIA gave reasoned consideration because it "adequately considered [the petitioner's] evidence and sufficiently announced its decision").

Moreover, even if the BIA violated Alvarez-Munoz's due process rights, she did not show she was prejudiced because she failed to establish that the BIA's alleged error potentially affected the outcome of her case. *See Pagayon v. Holder*, 675 F.3d 1182, 1191–92 (9th Cir. 2011) (per curiam) (holding that even if agency erred, the petitioner failed to show prejudice). The BIA's decision was sufficient for due process.

Alvarez-Munoz also argues that the IJ violated her due process rights because his decision was unclear, failed to provide well-reasoned explanations, and was inconsistent regarding her credibility. But the BIA was able to discern the grounds and reasoning on which the IJ denied Alvarez-Munoz's relief, and

explicitly disregarded the IJ's comments regarding Alvarez-Munoz's credibility. And, even if the IJ violated Alvarez-Munoz's due process rights, she has not established prejudice. *See Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1041 (9th Cir. 2007) (stating even if there was some error with the proceedings before the IJ, the petitioner failed to show prejudice). So the IJ's decision was also sufficient for due process.

2. The BIA denied Alvarez-Munoz's applications for asylum and withholding of removal because, among other reasons, she did not show past persecution or a well-founded fear of future persecution based on her membership in her proposed particular social group related to her family. The BIA deemed her CAT claim waived.

Alvarez-Munoz's opening brief to this court only argues that her due process rights were violated and does not address the merits of the BIA's decision. As such, Alvarez-Munoz has waived any challenge to the BIA's dispositive findings regarding the merits of her claims. *See Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021) (noting that the petitioner waived any challenge to the BIA's denial of his application for withholding of removal and CAT protection because he did not address these claims in his opening brief).

3. The stay of removal will remain in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**

22-1355