**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS HERNANDEZ-QUINTERO,

      Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

No. 21-1211

Agency No.
A216-387-558

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2024[**]

Before: OWENS and BADE, Circuit Judges, and BAKER, Judge.[***]

Petitioner Luis Hernandez-Quintero (Hernandez), a citizen of Mexico,

petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his

appeal from an Immigration Judge's (IJ) orders denying his motion to suppress

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

evidence and to terminate removal proceedings and denying his application for cancellation of removal. "We review constitutional and legal issues de novo." *Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1040 (9th Cir. 2007). An IJ's hardship determination for purposes of cancellation of removal is reviewable under 8 U.S.C. § 1252(a)(2)(D) as a mixed question of law and fact, and "that review is deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). We have jurisdiction under § 1252, and we deny the petition for review.

1.      The IJ did not err in denying the suppression motion unless Hernandez's Fourth Amendment right against unreasonable seizure was violated and that violation was egregious. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1034 (9th Cir. 2011). "Traffic stops are seizures under the Fourth Amendment, so officers must have at least a reasonable suspicion of criminal misconduct before detaining a driver." *United States v. Rojas-Millan*, 234 F.3d 464, 468 (9th Cir. 2000). Here, the officer who stopped Hernandez had reasonable suspicion that he had committed a traffic violation by failing to yield to an oncoming driver while turning right on a red light or stop sign. *See* Ariz. Rev. Stat. §§ 28-645(A)(3)(b), 28-773. Thus, the initial traffic stop was lawful.

Moreover, the officer did not illegally prolong the stop. *See United States v. Evans*, 786 F.3d 779, 785 (9th Cir. 2015) ("[A] traffic stop is a relatively brief encounter, in which the tolerable duration of police inquiries is determined by the

seizure's mission." (alterations, internal quotation marks, and citation omitted)).

The officer conducted the "ordinary inquiries incident to the traffic stop," including "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Id.* at 786 (alteration, internal quotation marks, and citation omitted). The officer discovered that the name and birth date on Hernandez's Mexican identification did not match the information on his vehicle registration documentation. The officer was also aware at the time of the stop that there was an outstanding warrant for a person who had the same name as Hernandez. Thus, the officer could not immediately conclude the stop because he needed to verify Hernandez's identity. *See United States v. Torres-Sanchez*, 83 F.3d 1123, 1129 (9th Cir. 1996) ("'Brevity' can only be defined in the context of each particular case."). Based on these circumstances, the duration was necessary to complete the "mission" of the stop. *Evans*, 786 F.3d at 786 (citation omitted). Therefore, the officer did not egregiously violate Hernandez's Fourth Amendment right against unreasonable seizure, and the IJ did not err in denying the motion to suppress evidence.[1]

---

[1] Because we conclude the stop was not prolonged beyond the time reasonably required to complete the mission of a traffic stop, we do not address whether there was independent reasonable suspicion to prolong the stop or whether there was a regulatory violation.

2.    The IJ admitted certain documents into evidence at the removal proceedings that had been admitted at the prior bond hearing.  We conclude that this was not error.  In *Joseph v. Holder*, 600 F.3d 1235, 1242 (9th Cir. 2010), we determined that 8 C.F.R. § 1003.19(d) requires that "evidence from a bond hearing should not be considered during a removal hearing."  We held that an IJ violated § 1003.19(d) when she "impermissibly considered her notes from [the petitioner]'s bond hearing to evaluate [the petitioner's] credibility during his removal hearing." *Id.* at 1243.  That narrow factual circumstance is not present in this case.  Here, the IJ admitted DHS Forms I-213 and G-166C at both proceedings after they were proffered by the government in both instances, did not "commingle" records from the proceedings, and did not rely on any notes from the bond hearing during the removal proceedings. *Id.* at 1242 (citing Immigration Court Practice Manual § 9.3(e)(iv)).  Therefore, the IJ's admission of this evidence did not deny Hernandez due process.

3.    The record demonstrates that the proceedings before the IJ were not so tainted by "pervasive bias and prejudice" as would constitute a denial of due process. *Matter of Exame*, 18 I&N Dec. 303, 306 (BIA 1982).  Even if the IJ showed frustration toward counsel, "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

21-1211

4.    Under a "deferential standard of review," we conclude the Agency did not err in denying Hernandez's application for cancellation of removal. *Wilkinson*, 601 U.S. at 222. As the BIA concluded, "difficulties related to acculturation and diminished educational opportunities" are not unusual hurdles facing children who accompany a parent upon his or her removal. *See In re Gonzalez Recinas*, 23 I&N Dec. 467, 468 (BIA 2002). And even considering how the medical condition of Hernandez's adult child would impact the cumulative hardship to Hernandez's youngest two children, the BIA did not err in determining that the children would not face "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). Finally, Hernandez's argument that the Agency failed to consider cumulatively the evidence fails because both the IJ and the BIA recognized the "cumulative" nature of the hardship analysis. And the Agency's orders do not otherwise suggest that it ignored the cumulative approach. Thus, we discern no error.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**